PURE OIL COMPANY *v.* E. G. VOLTZ *et al.*

(No. 8068)

Submitted November 19, 1935. Decided December 10, 1935.

*McCamic & Clarke* and *Jay T. McCamic,* for plaintiff in error.

*Hall, Goodwin & Paul,* for defendant in error Schick.

LITZ, PRESIDENT:

Plaintiff, The Pure Oil Company, obtained a verdict against defendants, E. G. Voltz and A. M. Schick, trading under the name of ''Savoy Garage,'' which was, upon motion of Schick, set aside as to him, and plaintiff prosecutes error.

The action is by notice of motion for judgment upon a claim for merchandise, sold and delivered by plaintiff to defendants, in the sum of $1,214.19. Both defendants pleaded the general issue. Schick also filed a special plea denying the partnership.

On March 26, 1929, a written declaration of interest, signed by Voltz and Schick, was recorded in the office of the clerk of the county court of Ohio County, presumably in pursuance of section 2, article 8, chapter 47, Code 1931 (commonly known as the ''fictitious'' or ''assumed'' name statute), stating: ''This is to certify that the undersigned, E. G. Voltz and A. M. Schick, are conducting a garage business under the

firm name and title of 'Savoy Garage,' and that they are the sole owners of same; that it is located at and its principal office is No. 139 Zane Street, in the City of Wheeling, Ohio County, West Virginia, and that their post-office address is at said principal office.'' This record remained unchanged until February 18, 1932, after the accrual of the indebtedness sued for, when a similar certificate, signed by Voltz, was recorded, reading : ''This is to certify that E. G. Voltz is doing business under the name and style of 'Savoy Garage,' and that I am the sole owner of said garage, which is located at 139 Zane Street, Wheeling, West Virginia. I also certify that my residence is 3310 Jacob Street, Wheeling, West Virginia.'' There was also substantial oral testimony and cogent circumstances tending to establish the partnership.

The verdict was set aside on motion of defendant Schick because of the refusal of an instruction that ''the burden of proof is on the plaintiff to make out his case by a preponderance of the evidence.'' As stated in the written opinion of the court, the case was submitted to the jury on three issues of fact. '' * * * first, was there a partnership ? Second, if there was a partnership, did it continue throughout all the time during which the account was contracted ? Third, if it did not so continue, did defendant Schick bring home to plaintiff notice of his withdrawal ?''

Considering the multiplicity of issues raised by plaintiff and defendants, we are of opinion that the instruction was rightly refused. It was misleading, if not positively erroneous. Conceding that the plaintiff should have carried the burden of proof throughout the trial of establishing the existence of the partnership at some time during the course of dealings between it and defendants, notwithstanding the written admission of Schick and the other circumstances tending to establish the partnership, defendants were, nevertheless, required to prove dissolution and notice thereof to plaintiff. 47 C. J. 1121, 1145; Rowley, Modern Law of Partnerships, page 1290. Would the jury have interpreted the instruction as requiring the plaintiff to assume the affirmative of the first or all three of the issues ?

Counsel for defendant Schick contends that the verdict

should have been set aside not only by reason of the rejected instruction, but on the further grounds of (a) after-discovered written evidence, consisting of letters and cancelled checks, and (b) because plaintiff is attempting to recover on a note of $1,000.00 executed by Voltz to it for a part of the claim in suit.

Without detailing the description of the alleged after-discovered evidence, none of which appears in the record, we are of opinion that it is not of such weight as should produce a different result upon a new trial.

The plaintiff is not seeking to recover on the note, but relies upon the original account, filed with the notice.

The order setting aside the verdict will be reversed and judgment entered here.

*Reversed and rendered.*